# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GARCIA, | CASE NO.  1:09-cv-1629 SKO |
| Plaintiff, | ORDER GRANTING EXTENSION OF TIME TO FILE PLAINTIFF'S REPLY BRIEF |
| v. | (Doc. 18) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

On April 22, 2010, Plaintiff filed his opening brief. (Doc. 14.) On June 23, 2010, Defendant filed his responsive brief. (Doc. 17.) Accordingly, pursuant to the Court's scheduling order and Fed. R. Civ. P. 6(d), Plaintiff's reply brief was due by July 12, 2010. (Doc. 7 ¶ 8.)

On July 7, 2010, the parties stipulated to a modification of the scheduling order to provide an extension of time to August 23, 2010, for Plaintiff to file his reply brief because of Plaintiff's counsel's previously scheduled vacation, workload demands, and the number and complexity of the issues in this case. (Doc. 18.)

A court's scheduling order may be modified upon a showing of "good cause," an inquiry that focuses on the reasonable diligence of the moving party. Fed. R. Civ. P. 16(b); *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (*citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

> Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order.

*Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

Here, Plaintiff's inability to comply with the Court's deadlines apparently could not have been reasonably foreseen when the Court entered its scheduling order in September 2009. Further, Plaintiff requested an extension of time to file his reply brief before its due date and was, therefore, diligent in seeking an extension of time. *Cf. Timbisha Shosone Tribe v. Kennedy*, 267 F.R.D. 333, 336 & n.2 (E.D. Cal. 2010) (defendants failed to demonstrate diligence in seeking to amend opposition to motion because deadline for filing opposition had expired). In sum, Plaintiff has shown that, even with the exercise of due diligence, he is unable to meet the timetable set forth in the Court's scheduling order. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The Court, therefore, finds that good cause exists for an extension of time for Plaintiff to file his reply brief.

Accordingly, upon the parties' stipulation and for good cause shown, Plaintiff shall file and serve his reply brief **by no later than August 23, 2010**.

IT IS SO ORDERED.

**Dated:   July 16, 2010**                                /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE